IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KEITH SHAZAD MALIK**, | Case No. 3:24-cv-00003-IM |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| **REED COLLEGE** *et al.*, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Keith Shazad Malik ("Malik"), a self-represented litigant serving a sixty-month prison sentence at FCI Pekin for Transmitting Threatening Communications in Interstate Commerce in violation of 18 U.S.C. § 875(c),[1] brings this civil rights action pursuant to 42 U.S.C.

---

[1] *See United States v. Malik*, Case No. 2:22-cr-00321-MCS-1 (C.D. Cal.); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (noting that it is appropriate for the court to take judicial notice of materials from another tribunal).

PAGE 1 – ORDER OF DISMISSAL

§ 1983. The Court previously granted Malik leave to proceed *in forma pauperis*. For the following reasons, the Court dismisses Malik's complaint, without leave to amend.

## STANDARDS

The Court must dismiss an action initiated by an individual in custody seeking redress from a governmental entity or officer or employee if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 28 U.S.C. § 1915A(b). To state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Malik is proceeding as a self-represented litigant, and therefore the Court construes the pleadings liberally and affords Malik the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that documents filed by a self-represented litigant must be liberally construed, and a self-represented litigant's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers") (simplified). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

## DISCUSSION

Malik brings this lawsuit against (1) Reed College ("Reed"); (2) John Young Taft, a Reed economics professor; (3) Kater Mulch, a Reed biology professor; (4) Becky Bart, a Reed physics professor; (5) Heather Mulkerns, LCSW Therapist; and (6) Scott Swift, Taylor Swift's father. Malik alleges that while attending Reed from 1998 to 2003, he wrote a variety of songs that have

PAGE 2 – ORDER OF DISMISSAL

since been released by several commercially successful musical artists without his knowledge or consent. (Compl. at 5-7.) Specifically, Malik claims that he affirmatively authored or "strongly recalls" authoring several songs released by musical artists The Shins, Coldplay, Hozier, Japandroid, My Chemical Romance, and Sir Sly, among others, and that he received no credit or compensation because he "did not realize . . . [that] so many of [his] songs became music industry standards." (*Id.*) Malik claims that the commercial release of his songs without his consent violates the First and Fourteenth Amendments, and he seeks the "rights to [his] songs" and "Reed College's Ski Cabin as compensation." (*Id.* at 8.)

The Court's review of Malik's Complaint demonstrates that this lawsuit is frivolous and fails to state a claim upon which relief may be granted. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A court therefore may not dismiss a pleading as factually frivolous simply because the plaintiff's allegations are unlikely. *Id.* Rather, a complaint may be dismissed on the basis of factual frivolousness only where "the facts alleged are clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 32-33 (simplified).

Here, Malik claims to have written numerous songs credited to and released by a variety of commercially successful musical artists. Although Malik claims that he performed some of these songs before hundreds of people on the Reed campus, he states that he "had no known audience" for others (and therefore no explanation as to how another artist would have acquired them). (Compl. at 7.) The Court finds that Malik's allegations go beyond unlikely or improbable

PAGE 3 – ORDER OF DISMISSAL

and rise to the level of "the wholly incredible" or "delusional." In addition, Malik's allegations do not and cannot state a claim under the First or Fourteenth Amendments.[2] Accordingly, Malik's complaint is frivolous and must be dismissed. *See Nietzke*, 490 U.S. at 327 (explaining that courts may dismiss claims that are "based on an indisputably meritless legal theory"—such as "claims of infringement of a legal interest which clearly does not exist"—or "whose factual contentions are clearly baseless" in that they describe "fantastic or delusional scenarios").

## CONCLUSION

Based on the foregoing, the Court DISMISSES Malik's Complaint (ECF No. 2), without leave to amend. The Court certifies that any appeal taken from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3)(A).

**IT IS SO ORDERED.**

DATED this __8th__ day of March, 2024.

Karin J. Immergut
United States District Judge

---

[2] To the extent Malik's allegations may be construed as a claim for copyright infringement, Malik fails to state a claim because he has not alleged that he owns a valid copyright in any of the songs named in the complaint or that any named defendant copied original elements of those songs. *See Bland v. Messinger*, No. 2:20-cv-0051 KJM DB P, 2020 WL 5702182, at *3 (E.D. Cal. Sept. 24, 2020) (explaining that state a claim for copyright infringement, a plaintiff must allege "1) that he or she owns a valid copyright in a work, and 2) the defendant copied original elements of the copyrighted work") (simplified).

PAGE 4 – ORDER OF DISMISSAL